UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

RE:    MARGARITA M VARGAS                                           CASE NUMBER:23-10280-LMI

**TRUSTEE'S NOTICE OF DEFICIENCY AND RECOMMENDATION**
**(If this case is dismissed, this deficiency is an objection to reinstate)**

The Trustee reviewed this case and found the following deficiencies remain unresolved from the Trustee's letter or requirements under the Bankruptcy Code and Rules. *The Trustee reserves the right to raise additional objections UNTIL all documents are provided to the Trustee and reviewed for issues raised and additional documents needed.* See Court Notice of Commencement for additional information and Trustee's website www.CH13miami.com for forms and procedures.

As appropriate, all written responses or documents must be received through BKDOCS.US or filed with the Clerk by 5pm at least 15 days prior to the first confirmation hearing or agreed deadline if confirmation is continued. Pro Se debtors may fax documents to 954-443-4452. Late documents may not be reviewed or considered, and this case may be at risk of dismissal. The Trustee's Office has a "Pre-call" date, **THE THURSDAY PRIOR TO THE HEARING**. During this period, the Debtor's or Creditor's attorney must call and speak to the Trustee's staff attorney unless they agree to the Trustee's recommendation. A final calendar will be published with any changes to this recommendation the day before the hearing on the front page of the Trustee's website.

***RECOMMENDATIONS ARE CHANGED UPON REVIEW OF DOCUMENTS NOT RECEIPT***

CONFIRMATION RECOMMENDATION:                              LAST REVIEWED: 10/17/23 at 10 am

**3AP served 6/29**
**If debtor's counsel appears, confirms service, agrees to vesting and the recommendation on the record:**
**DISMISS unless ALL resolved by 11/10:** Amend plan to pay $30,000 to the allowed general unsecured creditors to resolve issues with business, income and valuations **OR** Remains unresolved from 9/12: Upon review of documentation and letters provided, Debtor and her boyfriend run bus transportation businesses. The Debtor has incurred debt, including most of the claims in this case, under the d/b/a Merlin Bus Company. After incurring the debt, Debtor claims that her Merlin Bus Company closed, and her boyfriend opened his Merlin Bus Company. Debtor's boyfriend's business received and continues to receive the benefit of the debt incurred by the Debtor and the Debtor has transferred the value of her business, including the name, client list, and route to her boyfriend – Debtor to provide a valuation of the Debtor's boyfriend's business as well as a tolling waiver with ½ the equity paid to the allowed unsecured general creditors.

I hereby certify that a true and correct copy of the foregoing was served through ECF on the debtor's attorney or by U.S. First Class pre-paid Mail on the pro se debtor on the same day filed with the Court.

*Submitted by:*
NANCY K. NEIDICH, ESQ, STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806, MIRAMAR, FL 33027, (954) 443-4402